580 P.2d 1258 (1978)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Orlando Alfonso COCA, Defendant-Appellant.
No. 77-279.
Colorado Court of Appeals, Division I.
March 9, 1978.
Rehearing Denied April 6, 1978.
Certiorari Denied July 10, 1978.
*1259 J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Sharon S. Metcalf, J. Stephen Phillips, Asst. Attys. Gen., Denver, for plaintiff-appellee.
Carroll, Murray & Calt, Larry Carroll, Westminster, Ron Minkin, Los Angeles, Cal., for defendant-appellant.
RULAND, Judge.
The defendant, Orlando Coca, appeals his jury conviction of two counts of unlawful sale of a narcotic drug and one count of using a dwelling for unlawful sale of a narcotic drug. We affirm.
The People's evidence shows that on August 12 and August 14, 1976, a police informant, who was equipped with a hidden radio transmitter, went to the defendant's residence and purchased heroin from him. Tape recordings were made of each transaction by a detective located near the residence. However, the tape of the purchase made on August 12 was inaudible. The tape of the August 14 purchase was played for the jury, which followed along by reading typed manuscripts. In addition, both the informant and the detective who monitored the transactions testified. The trial court allowed the August 14 tape and one copy of the transcript to be used by the jury in its deliberations.
The defendant first contends that certain statements made by the prosecuting attorneys in their closing arguments mandate a new trial because the statements constituted impermissible comments on the defendant's failure to testify. We find no merit in this contention.
In closing, one of the prosecuting attorneys on three occasions referred to the fact that there had been nothing to rebut the People's case. Defense counsel responded in his closing argument, to the effect that defendant had no obligation to present any evidence. In reply, the second prosecuting attorney stated twice again that various evidence was "uncontradicted and unrebutted."
Prosecutorial comment almost identical to that here, and as here, that did not specifically refer to the defendant's failure to take the witness stand or to rebut the evidence against him has been approved in People v. Todd, Colo., 538 P.2d 433 (1975). Even though the references may be termed repetitive, the defendant failed to request a cautionary instruction. See People v. Walters, Colo.App., 568 P.2d 61 (1977). Thus, we perceive no error.
Next, the defendant asserts several points of error related to the admission into evidence of the tape and transcript and their use by the jury in its deliberations. These contentions also lack merit.
*1260 The admission of a tape recording, though partially inaudible, is within the discretion of the trial court. People v. Quintana, Colo., 540 P.2d 1097 (1975). Here, trial counsel for the defendant made no objection to the tape on the basis that it was inaudible, and the defendant does not dispute the People's assertion, which this Court has verified by reviewing the tape, that less than sixty seconds of the 35-minute tape made on August 14 were inaudible. Therefore, the tape was not so untrustworthy as to render it inadmissible, and the court did not abuse its discretion in refusing to reject the tape because of this minor imperfection. See People v. Odneal, Colo., 559 P.2d 230 (1977).
Also, contrary to the defendant's contention, the trial court did not err in admitting the transcript of the August 14 tape into evidence. Accurate transcriptions of sound recordings are admissible to assist the jury in following the recordings while they are being played, United States v. Turner, 528 F.2d 143 (9th Cir. 1975), cert. denied, 429 U.S. 837, 97 S.Ct. 105, 50 L.Ed.2d 103 (1976), and there is no resulting violation of the best evidence rule. United States v. Hawke, 505 F.2d 817 (10th Cir. 1974), cert. denied, 420 U.S. 978, 95 S.Ct. 1404, 43 L.Ed.2d 658 (1975). See Baysinger v. State, Ark., 550 S.W.2d 445 (1977); see generally Annot., 58 A.L.R.3d 598 (1974). Here, the detective who monitored the recordings testified that the transcription had been prepared from his own handwritten transcript and that it was accurate. Finally, the defendant fails to point to any inaccuracy in the transcript.
The defendant also contends that the admission of the transcript caused unfair repetition of the recording. However, since the alternative to providing a transcript is to play the tape numerous times in order to review thoroughly critical portions thereof, we do not consider such a procedure as unduly emphasizing the evidence. See Turner, supra.
We also disagree with the defendant's contention that it was reversible error to permit the jury to tape the tape and transcript into the jury room. All exhibits which have been admitted may be used by the jury in its deliberation. [1]Wilson v. People, 103 Colo. 150, 84 P.2d 463 (1938), see Crim. P. 57, and C.R.C.P. 47(m); Turner, supra.
Finally, the defendant contends that the trial court committed reversible error in failing to strike the testimony of the informant after it was revealed that the detective had met briefly with him on the night before he testified and had given him a copy of the transcript and played the recording for him. In support of this contention, the defendant relies upon an order of the trial court prior to the start of trial that the witnesses were not to discuss their testimony with each other.
The determination of what constitutes a violation of a court order restricting contact between witnesses is within the discretion of the trial court. People v. Watkins, Colo., 553 P.2d 819 (1976). Following a hearing, the trial court, on supporting evidence, specifically found that there had been no violation of the "substantive direction of the Court," in that the detective did not discuss any testimony with the informant and that the meeting had not been "detrimental to the defendant's case." Under these circumstances, we find no reversible error. See Watkins, supra.
We have considered the defendant's remaining contentions and find them to be without merit.
Judgment affirmed.
COYTE and STERNBERG, JJ., concur.
NOTES
[1] No request was made by the defendant's trial counsel for an instruction governing use of the tape and transcript by the jury during its deliberations. See Turner, supra.