**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Charles Kelly BRINSON, Defendant-Appellant.**

**No. 85CA1353.**

Colorado Court of Appeals, Div. I.

April 2, 1987.

Rehearing Denied April 16, 1987.

Certiorari Denied (Brinson) July 13, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Linda Perkins, Deputy State Public Defender, Denver, for defendant-appellant.

CRISWELL, Judge.

Defendant, Charles Brinson, appeals from the judgments of conviction for distribution, possession, and conspiracy to distribute a controlled substance. Defendant argues that the information charging him with the crimes for which he was convicted was fatally defective and that the trial court erred in refusing to grant a mistrial when its sequestration order was violated. We affirm.

## I.

Defendant first argues that the trial court lacked jurisdiction in this matter because the information filed against him did not allege, in each of its five counts, the county where each offense was committed.

Each count in the information listed and described the offense charged. None of the counts separately stated the location of the offenses. Nevertheless, following the fifth count, a separate sentence in the information alleged that: "Each foregoing offense was committed in, and/or is triable in, El Paso County, Colorado...."

Crim.P. 7(b)(2) lists the requisites of an information, and states, in pertinent part:

"The information shall be deemed technically sufficient and correct if it can be understood therefrom: ... (III) That the offense was committed within the jurisdiction of the court, or is triable therein...."

■ Each count of an information must be considered independently of any other count and must, itself, allege all of the material elements of the crime charged, so that each count charges a distinct and separate offense. *People v. Moore,* 200 Colo. 481, 615 P.2d 726 (1980). However, except where the location of the crime is, itself, an element of the offense, it need not be set forth in each count. *See generally* C. Torcia, *Wharton's Criminal Procedure* § 275 at 87 (12th ed. 1975) ("place must be alleged only where it is a material element or ... necessary to inform the accused of the nature and cause of the accusation against him.")

■ Nevertheless, in order to confer jurisdiction upon the court, the information must contain an allegation of the place where the offense was committed, or where it is triable. In *People v. Steiner,* 640 P.2d 250 (Colo.App.1981), this court held that the lack of such an *allegation* was not cured by the wording of the *caption* of the information. That decision suggested, however, that such an allegation could be supplied by use of the technique of incorporation by reference.

■ Here, the separate allegation, which specifically referred to all of the previously alleged offenses, clearly advised defendant of the claimed location of the offenses and, therefore, met the technical requirements of Crim.P. 7(b)(2). Moreover, since this allegation referred to all of the counts, such reference had essentially the same effect as served by the technique of incorporation by reference. We conclude, therefore, that such allegation was sufficient. To rule otherwise would defeat the purpose of the rules of criminal procedure to "secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay." Crim.P. 2.

## II.

Defendant also argues that the trial court erred when it refused to grant a mistrial or to impose other sanctions because of an alleged violation of a sequestration order. Defendant claims that the sequestration order was violated when the district attorney talked with three of the state's witnesses in a group after the order had been entered, but prior to the presentation of any evidence.

■ The purpose of CRE 615, which allows any party to move for sequestration of witnesses, is to prevent the testimony of one witness from being influenced by that of another, and is accomplished under the rule's terms by ordering witnesses to withdraw from the courtroom until called. S. Gard, 4 *Jones on Evidence* § 23:14 at 67 (6th ed. 1972). However, to make the rule effective, the court may also direct witnesses not to discuss the case with each other. S. Gard, *supra* at 68; 3 J. Weinstein & M. Berger, *Weinstein's Evidence* § 615[02] (1985).

In this case, the sequestration order was not violated because the trial court did not prohibit all witness discussion of the case. Defense counsel did request, when moving for a sequestration order, that the prosecution's witnesses be directed not to discuss the case before they testified. However, in granting the defense motion, the trial court simply ordered the district attorney to tell his witnesses not to talk with each other "about their testimony that may have been given." The trial court subsequently found that the sequestration order had been intended to prevent witnesses from changing their testimony either by hearing other witnesses testify or by talking to witnesses who had already testified. That court concluded, therefore, that the order had not been violated when the prosecutor talked to his witnesses in a group *prior* to presentation of any evidence.

■ The determination whether a sequestration order has been violated is within the discretion of the trial court. *People v. Coca,* 40 Colo.App. 440, 580 P.2d 1258

(1978). In light of the narrow scope of the trial court order and the circumstances of the prosecutor's discussion, we find no abuse of discretion in the trial court ruling. *See Cruz v. People,* 149 Colo. 187, 368 P.2d 774 (1962) (group interview with district attorney was not violation of exclusion order that prohibited witness discussion of case but specifically permitted witnesses to talk to the district attorney.)

The judgments are affirmed.

PIERCE and TURSI, JJ., concur.