The **PEOPLE of the State of Colorado,** Plaintiff–Appellee,

v.

**Herbert MILLER, Defendant–Appellant.**

**No. 89CA0335.**

Colorado Court of Appeals,
Div. II.

Sept. 26, 1991.

Rehearing Denied Nov. 21, 1991.

Certiorari Denied April 20, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Eric V. Field, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Susan Baker, Deputy State Public Defender, Kristin Giovanini, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge SILVERSTEIN.*

Defendant, Herbert Miller, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of attempted second degree murder and first degree assault. He also appeals the sentence imposed. We affirm.

## I.

Defendant asserts the trial court erred by denying his motion to suppress statements. He argues that his statements were not voluntary, resulted from custodial interrogation, and were given after an invalid waiver of his *Miranda* rights. We perceive no error.

## A.

We reject defendant's contention that his medical condition at the time of the interview and the coercive techniques of the investigating officer rendered his statements involuntary.

---

* Sitting by Assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

■ The prosecution has the burden of establishing the voluntariness of the statement by a preponderance of the evidence. *People v. Mounts*, 784 P.2d 792 (Colo.1990). Voluntariness of a statement is determined on the basis of the totality of the circumstances under which it is given, including events and occurrences surrounding the statement and the mental condition of the maker. *People v. Mounts, supra.*

On appeal, the trial court's findings of fact in this regard or the conclusions of law entered thereon will not be reversed if supported by competent evidence in the record. *People v. McIntyre*, 789 P.2d 1108 (Colo. 1990).

■ Here, while defendant was questioned in a hospital five hours after a serious accident, the testimony indicated that he was alert, resting, and not under the effects of medication. No promises or threats were made to secure defendant's cooperation, and he willingly participated in the interview. A transcript of the interview gives no indication that the investigating officer employed coercive interview techniques.

Under these circumstances, we conclude the trial court correctly found, on supporting evidence, that the statements were voluntary. Hence, that finding, will not be disturbed on review. *See People v. McIntyre, supra.*

### B.

Defendant argues that his statements were made during custodial interrogation at the hospital, thus necessitating a valid *Miranda* advisement. We disagree.

■ The test for determining if a person is in custody is whether a reasonable person in the suspect's position would consider himself deprived of his freedom in a significant way. *People v. Milhollin*, 751 P.2d 43 (Colo.1988). A trial court's findings of fact on whether a defendant was in custody will not be reversed on appeal if they are supported by competent evidence and the correct legal standard, which addresses the totality of the circumstances, is

applied. *People v. Horn*, 790 P.2d 816 (Colo.1990).

■ Here, the trial court found, on supporting evidence, that defendant was not in custody because he was at the hospital for medical treatment and was not under arrest or placed under any restraints.

■ The location where questioning occurs is just one of a number of considerations, and confinement to a hospital bed is insufficient alone to constitute custody. *People v. Milhollin, supra.* In any event, based upon our prior conclusion that the statements were given voluntarily and, as we subsequently note, followed a valid *Miranda* advisement, we find no merit in this contention.

### C.

Defendant maintains he did not make a valid waiver of his *Miranda* rights based upon his mental and emotional state. Again, we disagree.

■ Once a proper *Miranda* advisement is given, it is the prosecution's burden to show that the defendant voluntarily, knowingly, and intelligently waived his *Miranda* rights. *Jones v. People*, 711 P.2d 1270 (Colo.1986).

■ Here, the record reveals that defendant was given a proper *Miranda* advisement prior to questioning.

When defendant failed to answer verbally the investigating officer's inquiry as to whether he understood his rights, the investigating officer stated, "Could you say yes?" and defendant complied. The testimony of the investigating officer later indicated that he made this request because the defendant initially nodded his head and the response needed to be tape recorded. Defendant then proceeded to answer questions.

■ Under these facts, we conclude the trial court correctly found that defendant waived his *Miranda* rights. A valid *Miranda* waiver need not be express, but may be inferred from the action and words of the person interrogated. *People v. Hopkins*, 774 P.2d 849 (Colo.1989). Contrary

to the defense argument, the record does not support the assertion that the waiver was coerced. The motion to suppress statements was properly denied.

## II.

■ Defendant contends the trial court erred in permitting the transcript of defendant's confession to be taken into the jury room during the jury's deliberations. We disagree.

An out-of-court statement by a witness, like a deposition, admitted into evidence in a criminal case may not be taken into the jury room during the deliberations. C.R.C.P. 47(m). *See People v. Montoya,* 773 P.2d 623 (Colo.App.1989). However, we adopt the general rule, enunciated by a majority of the states in which this issue has been decided, that the same rule does not apply to a transcript of a voluntary confession by the defendant which has passed all the tests of admissibility and thus has been admitted into evidence. *People v. Caldwell,* 39 Ill.2d 346, 236 N.E.2d 706 (1968), 37 A.L.R.3d 226; and *see* Annot., 37 A.L.R.3d 239 (1971).

As was stated in *Caldwell, supra:*

"A ... confession which has been shown by the state to be free from coercive conditions is among the strongest kinds of physical evidence the prosecution may produce, and when the tests of admissibility have been met and the defense afforded the full opportunity to point out any circumstances which may go to undermine the credibility of the confession in the eyes of the jury, (as occurred in the present case) there appears to us no valid reason to preclude the [transcript of] the ... confession from going to the jury room along with other exhibits which the trial judge may deem proper."

*See also People v. Coca,* 40 Colo.App. 440, 580 P.2d 1258 (1978).

## III.

■ We also reject defendant's contention that the trial court denied his right to present evidence by limiting the testimony of a defense witness.

The trial court ruled that the testimony of a psychologist called by the defense would be limited to the testimony and evidence produced at trial as it related to the heat of passion defense, rather than any particular personality characteristic of the defendant. The record does not indicate any objection by defense counsel to this limitation.

We note that error may not be predicated upon a ruling which excludes evidence unless a substantial right of the party is affected, and the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked. CRE 103(a)(2).

In light of the failure to make an offer of proof in this regard and considering the extensive testimony from this witness regarding defendant's mental state, we find no error in the trial court's limitation of the testimony of the witness. Nor do we find any error upon the grounds that certain testimony implied that the witness had rehearsed her testimony.

## IV.

■ Defendant asserts the trial court abused its discretion by imposing the maximum sentence. We disagree.

■ Sentencing by its very nature is a discretionary decision which requires the weighing of various factors and striking a fair accommodation between the defendant's need for rehabilitation or corrective treatment and society's interest in safety and deterrence. *People v. Watkins,* 200 Colo. 163, 613 P.2d 633 (1980).

Here, the trial court considered the nature of the offense, the need to protect the public, deterrence of future similar conduct, the defendant's prior violent criminal conduct, and all the testimony and documents submitted on behalf of the defendant. The trial court noted that nothing indicated that the defendant was amendable to rehabilitation. In view of the trial court's cogent consideration of all of the

relevant factors, we find no abuse of discretion in the imposition of the sentence.

Judgment and sentence affirmed.

SMITH and CRISWELL, JJ., concur.