72 P.3d 405 (2003)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Andrew MEDINA, Defendant-Appellant.
No. 01CA1592.
Colorado Court of Appeals, Div. III.
January 30, 2003.
Certiorari Denied June 30, 2003.
*407 Ken Salazar, Attorney General, Laurie A. Booras, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee.
Thomas K. Carberry, Denver, Colorado, for Defendant-Appellant.
Opinion by Judge KAPELKE.
Defendant, Andrew Medina, appeals the judgment of conviction entered upon a jury verdict finding him guilty of first degree *408 murder, attempted aggravated robbery, conspiracy to commit aggravated robbery, and possession of a handgun by a juvenile. We affirm.
The charges stem from an incident in which the victim was shot and killed during an attempt to steal his car by defendant and two accomplices. Defendant was fifteen years old at the time.

I.
Defendant first contends that the trial court violated his Fifth Amendment privilege against self-incrimination and his Sixth Amendment rights to confrontation and counsel by admitting a letter he allegedly wrote to the victim's parents and delivered to his initial counsel. We disagree.
The attorney-client privilege is for the personal benefit and protection of the client and therefore may be waived by the client. Lanari v. People, 827 P.2d 495 (Colo.1992). "Any waiver must be demonstrated by evidence that the client, by words or conduct, has expressly or impliedly forsaken his or her claim of confidentiality with respect to the information in question and, thus, has consented to its disclosure." People v. Sickich, 935 P.2d 70, 73 (Colo.App.1996).
Statements initially made in confidence to an attorney lose the shield of privilege if the client knowingly and intentionally discloses them to a third party. Lanari v. People, supra. The burden of proving the waiver rests on the party attempting to overcome the privilege. Mountain States Tel. & Tel. Co. v. DiFede, 780 P.2d 533 (Colo.1989).
Here, before trial, defendant moved to exclude the letter, which contains his inculpatory statements. Following a hearing, the court denied the motion, finding that defendant had waived any privilege.
According to testimony adduced at the hearing, defendant placed the letter in an envelope and gave it to his original attorney. The attorney delivered it to the pastor of her church. The family of the victim also belonged to that church. The attorney told the pastor she wanted him to review the letter and decide whether he should then forward it to the victim's parents. The attorney testified that she provided the letter to the pastor "[i]n hopes that it would influence him to assist in ... facilitating or mediating a meeting" between the attorney and the victim's family.
The pastor testified that the attorney told him she was acting on defendant's wishes. Eventually, the pastor delivered the letter to the victim's parents, who then turned it over to the prosecution.
In finding that any privilege had been waived by defendant, the court determined the prosecution had established that defendant had intended the letter be communicated to a third party. The court noted the testimony of defendant's original attorney that it was her desire, as well as that of defendant, that the letter be given to the victim's family and that the attorney wanted input from the pastor to avoid causing any additional grief to the victim's family. In addition, the court noted that the letter had been written by defendant as the final product of a series of drafts, thus indicating that its preparation had been deliberate and not impulsive.
At the hearing, the trial court sustained objections to several questions regarding communications between defendant and his original attorney concerning the letter. As a result, the record does not disclose the actual content of those communications.
The evidence in the record, however, supports the trial court's findings and also its ultimate ruling that, in authorizing his original attorney to deliver the letter to the victim's family, defendant thereby waived the attorney-client privilege. We therefore find no error.
At oral argument, defendant's present counsel correctly pointed out that the issue of ineffective assistance of counsel is not raised in this appeal. An ineffective assistance claim is better suited for a postconviction proceeding pursuant to Crim. P. 35(c). Further, at an evidentiary hearing on such a motion, the reasons for and possible strategic purposes of original counsel's actions regarding the letter could be disclosed and evaluated, *409 and the content of the communications between defendant and that attorney regarding the letter might be brought to light.

II.
In his opening brief on appeal, defendant contended that the trial court violated his right to testify by giving him an improper advisement concerning that right. In his reply brief, however, defendant withdrew the issue from consideration in light of People v. Blehm, 983 P.2d 779 (Colo.1999)(a claim of inadequate advisement on defendant's right to testify should be raised in postconviction motion so that court may determine whether the advisement actually had an adverse effect on the defendant's decision whether to testify). Accordingly, we do not address the contention in this appeal.

III.
Defendant contends that because the trial court instructed the jury on both conspiracy and complicity, which according to defendant have essentially the same elements, and because it cannot be determined whether the jury found him guilty as a conspirator or as a complicitor, the trial court erred by imposing a class 1 felony sentence, rather than a class 2 felony sentence as would be required for a conviction under the conspiracy statute. We disagree.
Contrary to defendant's assertions, complicity and conspiracy are not separate offenses with essentially identical elements. The complicity statute makes a person "legally accountable as principal for the behavior of another constituting a criminal offense if, with the intent to promote or facilitate the commission of the offense, he or she aids, abets, advises, or encourages the other person in planning or committing the offense." Section 18-1-603, C.R.S.2002. Thus, complicity is not a separate offense at all, but rather a theory of culpability for the charged crime.
In contrast, conspiracy is a separate crime. Conviction of conspiracy generally requires a sentence one class lower than that for the target offense of the conspiracy. Section 18-2-206, C.R.S.2002.
Here, defendant was convicted of conspiracy to commit an aggravated robbery and also as a complicitor in the attempted aggravated robbery. The conspiracy and the attempted aggravated robbery convictions are thus for separate offenses. People v. Hood, 878 P.2d 89 (Colo.App.1994). Accordingly, we find no error.
In his reply brief, defendant for the first time additionally contends that his conviction for attempted robbery must be reversed because the prosecution improperly proceeded under both attempt and conspiracy theories "without a proper and clear explanation of the difference between conspiracy and attempt." Because this argument is raised for the first time in the reply brief, we decline to consider it. See People v. Czemerynski, 786 P.2d 1100 (Colo.1990).

IV.
Defendant contends that the trial court violated his constitutional right to a fair and impartial jury by improperly denying two challenges for cause. We disagree.
The trial court must sustain a challenge for cause to a prospective juror who has a state of mind evincing enmity or bias toward the defendant. However, no juror shall be disqualified because of a previously formed or expressed opinion about the defendant's guilt or innocence so long as the court is satisfied from the examination of the juror that he or she will render an impartial verdict according to the law and the evidence submitted to the jury at trial. Section 16-10-103(1)(j), C.R.S.2002.
We review a trial court's ruling on a challenge for cause to a prospective juror under an abuse of discretion standard. Carrillo v. People, 974 P.2d 478 (Colo.1999). "The trial court is in the best position to view the demeanor of a juror claiming impartiality, and the record must affirmatively demonstrate that the trial court abused its discretion before its decision can be disturbed on appeal." People v. Christopher, 896 P.2d 876, 878 (Colo.1995).
A reviewing court is not to second-guess trial court determinations in this regard *410 based on a cold record. Carrillo v. People, supra. This deference extends to the trial court's evaluation of inconsistent or self-contradictory statements. Morrison v. People, 19 P.3d 668 (Colo.2000).

A.
Defendant's first challenge for cause involved a juror who attended the same church as that attended by the victim's family.
In voir dire, the juror initially stated that, based on conversations with fellow parishioners, he had already formed an opinion concerning defendant's guilt. Upon additional questioning, however, the juror changed his answer, indicating that he had not formed an opinion about defendant's guilt or innocence and that he agreed that the defendant is presumed innocent until proved guilty. The juror also stated that he would be able to consider the possibility that the testimony of his pastor, a witness, might not be entirely truthful or accurate. In later questioning, he stated that he could not imagine such a scenario.
The trial court concluded that, based on the totality of the voir dire, the juror was open to deciding issues of credibility concerning the pastor's testimony. The court therefore denied the challenge for cause. The record does not affirmatively demonstrate that the trial court abused its discretion in arriving at its determination. Therefore, we find no manifest error.

B.
With respect to the challenge for cause to the second juror, we agree with the People that because the juror was eventually excused for job-related reasons before the exercise of any peremptory challenges, the issue is moot.
In view of our conclusion that defendant has not shown error in the court's rulings on his challenges for cause, we need not address the parties' related arguments concerning exhaustion of peremptory challenges.

V.
Defendant contends that the trial court erred by giving the jury an abbreviated version of the transcripts of one codefendant's videotaped statements to the police. We disagree.

A.
"Accurate transcriptions of sound recordings are admissible to assist the jury in following recordings while they are being played...." People v. Coca, 40 Colo.App. 440, 443, 580 P.2d 1258, 1260 (1978).
Here, copies of the partial transcript were given to the jury to follow along with the video testimony. The copies were then collected from the jury. Unlike in People v. Montoya, 773 P.2d 623 (Colo.App.1989), the jury was not allowed unsupervised or repetitive viewing of the video during deliberations.

B.
Defendant next asserts that the court erred and violated CRE 106 by allowing the jury to consider only a partial transcript of one codefendant's statement that focused on comments that incriminated defendant. We disagree.
CRE 106 states:
When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him at that time to introduce any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.
Because no reported Colorado decisions address this issue under CRE 106, we look to federal cases interpreting Fed.R.Evid. 106, its identical counterpart. The federal case law interpretations are persuasive. Forbes v. Goldenhersh, 899 P.2d 246 (Colo.App.1994).
The purpose of Rule 106 is to avoid creating a misleading impression by taking evidence out of context or otherwise creating a distorted picture by the selective introduction of evidence. Merrick v. Mercantile-Safe Deposit & Trust Co., 855 F.2d 1095 (4th Cir.1988); see United States v. Jamar, 561 F.2d 1103 (4th Cir.1977). The *411 rule is satisfied where the court allows the adverse party the opportunity to introduce the additional evidence in his or her own case. United States v. Branham, 97 F.3d 835 (6th Cir.1996).
Here, defendant objected to distribution of the partial transcript because it was incomplete and unduly highlighted portions of the codefendant's statement. Defendant also objected to playing the entire videotape and providing the entire transcript because they contained inadmissible evidence that should have been redacted.
The court ruled the partial transcript and videotape admissible and stated that defendant could offer any portion of the videotape he wished during cross-examination.
Because defendant was permitted to play all or any part of the videotape during cross-examination, he had the ability to place the partial version of the tape in context. Accordingly, no violation of CRE 106 occurred.

VI.
Defendant contends that the trial court erred by giving an improper response to the jury's question as to whether the complicity instruction applied to attempted robbery. Specifically, defendant urges that the court should have explained that the theory of defense applied to attempted robbery. We disagree.
A court should give additional instructions whenever they are needed to answer a proper question from the jury unless: (1) the jurors can be adequately informed by directing their attention to some portion of the original instructions; (2) the request concerns matters not in evidence or does not pertain to the law of the case; or (3) the request would call upon the judge to express an opinion upon factual matters that the jury should determine. Copeland v. People, 2 P.3d 1283 (Colo.2000).
Here, during deliberations, the jury submitted this question: "Does instruction 20 (complicitor) apply to the charge of Attempt to Commit Aggravated Robbery (Instructions 16 and 17) in that does the Defendant need to be holding a gun?" The trial court replied: "Yes. Instruction 20 does apply to the charge of Attempt to Commit Aggravated Robbery. The instructions are to be considered together as a whole. The Court cannot answer questions that involve the application of facts to the law."
This response is legally accurate and does not purport to answer any factual question. Because the jury question did not relate in any way to the theory of defense, there was no need for the court to mention it again in its response. We therefore find no error.
The judgment is affirmed.
Judge NEY and Judge NIETO, concur.