2012 CO 55

The PEOPLE of the State of Colorado, Plaintiff–Appellant

v.

Dianeth PITTMAN, Defendant–Appellee.

No. 12SA101.

Supreme Court of Colorado, En Banc.

Sept. 10, 2012.

Pete Hautzinger, District Attorney, Twenty–First Judicial District, Richard B. Tuttle, Assistant District Attorney, Grand Junction, Colorado, Attorneys for Plaintiff–Appellant.

Douglas K. Wilson, Public Defender, E. Betsy Atkinson, Deputy Public Defender, Steve Colvin, Deputy Public Defender, Grand Junction, Colorado, Attorneys for Defendant–Appellee.

Justice RICE delivered the Opinion of the Court.

¶ 1 In this interlocutory appeal, we review the trial court's order suppressing statements made by Dianeth Pittman in response to police interrogation without a prior advisement pursuant to *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We conclude that the trial court applied an incorrect legal standard in determining that Pittman was in custody for purposes of *Miranda* and therefore the trial court erred by suppressing the statements. Accordingly, we reverse the trial court's order.

## I. Facts and Procedural History

¶ 2 As a part of a police investigation into injuries sustained by Pittman's child, Pittman went voluntarily to the police station and an officer administered a polygraph test to her. After failing the polygraph test, Pittman made certain incriminating statements. The prosecution charged Pittman with crimes including child abuse.

¶ 3 Pittman moved the trial court to suppress the statements. She asserted that the statements were the product of custodial interrogation and that the interrogation was

not preceded by a *Miranda* advisement. At a hearing on the motion, the evidence showed that Pittman voluntarily appeared for the polygraph test. The officer administering the test never informed Pittman of her rights pursuant to *Miranda*. Immediately after the test, the administering officer told Pittman that she had failed the test and that the officer believed Pittman was lying about the source of her child's injuries. After about ten minutes of questioning, the administering officer retrieved the officer who was investigating the case. Pittman followed the investigating officer to another room. The investigating officer also did not advise Pittman of her *Miranda* rights. After about four minutes of questioning, Pittman made certain incriminating statements regarding her child's injuries.

¶ 4 The trial court granted the motion to suppress because it determined that the statements were the product of custodial interrogation not preceded by a *Miranda* advisement. Citing *People v. Algien*, 180 Colo. 1, 7, 501 P.2d 468, 471 (1972), the trial court concluded that Pittman was in custody after the polygraph test because a reasonable person in her position would conclude that she was not free to leave when the administering officer told her that she had failed the polygraph test and that she was not telling the truth.

¶ 5 The People filed this interlocutory appeal pursuant to section 16–12–102(2), C.R.S. (2011), and C.A.R. 4.1.

## II.  Standard of Review

¶ 6 A trial court's determination of whether a suspect was in custody is a mixed question of law and fact. *People v. Elmarr*, 181 P.3d 1157, 1161 (Colo.2008). We defer to the trial court's findings of historical fact, if supported by the record. *Id.* However, we review de novo the ultimate legal question of whether those facts, taken together, establish that the suspect was in custody when interrogated. *Id.*

## III.  Applicable Law

¶ 7 A suspect is in custody when a reasonable person in the suspect's position would believe that he is deprived of his free-

dom of action in any significant way. *People v. Horn*, 790 P.2d 816, 818 (Colo.1990); *Algien*, 180 Colo. at 7, 501 P.2d at 471; *see also Miranda*, 384 U.S. at 444, 86 S.Ct. 1602 ("By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way."). The standard for determining whether a person is in custody for *Miranda* purposes is not, as the trial court in this case erroneously articulated, whether a reasonable person would have felt "free to leave," but rather whether "a reasonable person in the defendant's position would consider himself to be deprived of his freedom of action to the degree associated with a formal arrest." *People v. Matheny*, 46 P.3d 453, 468 (Colo.2002); *see also People v. Hughes*, 252 P.3d 1118, 1121 (Colo.2011) (elaborating on the distinction between the "free to leave" formulation for a Fourth Amendment seizure and a custody determination under the Fifth Amendment). "The initial voluntariness of a person's presence does not preclude the determination that his [or her] presence thereafter is custodial in nature." *Horn*, 790 P.2d at 818.

¶ 8 To determine whether an individual is in custody, the court must look to the totality of the circumstances under which the questioning occurred, including: the time, place, and purpose of the encounter; the persons present during the interrogation; the words spoken by the officer to the defendant; the officer's tone of voice and general demeanor; the length and mood of the interrogation; whether any limitation of movement or other form of restraint was placed on the defendant during the interrogation; the officer's response to any questions asked by the defendant; whether directions were given to the defendant during the interrogation; and the defendant's verbal or nonverbal response to such directions. *People v. Thiret*, 685 P.2d 193, 203 (Colo.1984) (citing *People v. Johnson*, 671 P.2d 958, 962 (Colo. 1983)).

## IV.  Analysis

¶ 9 The People contend that the trial court relied upon only one circumstance, not the

totality of the circumstances, in determining that Pittman was in custody after the polygraph test. We agree.

■ ¶ 10 The trial court concluded that Pittman was in custody "once detectives told her that she had failed the polygraph examination and that she was being untruthful." In support of this determination, the trial court reasoned that this Court in *Algien* concluded that a suspect was in custody based upon this single factor. 180 Colo. at 7, 501 P.2d at 471. But *Algien* analyzed multiple factors in determining that the suspect in that case was in custody. *Id.* Specifically, this Court discussed the persons present during the interrogation, including another officer outside the door; the words spoken by the officers, including that the purpose of the polygraph test was to elicit a confession in addition to the remarks about failing the test; and the length and mood of the interrogation, including the fact that the test was given three times. *Id.* The trial court's conclusion therefore rests upon a misreading of *Algien* and a misapplication of the totality of the circumstances test.

■ ¶ 11 The trial court failed to consider the totality of the circumstances in this case and to make findings of fact applicable to those factors. We therefore reverse the suppression order and remand for a determination of the issue under the appropriate standard. *See Thiret*, 685 P.2d at 203 (court's reliance upon only one circumstance requires reversal and remand for consideration of the totality of the circumstances); *Johnson*, 671 P.2d at 962 (legal conclusions without appropriate findings of fact render appellate review impossible).

### V. Conclusion

¶ 12 We conclude that the trial court incorrectly suppressed the statements in this case. Accordingly, we reverse the trial court's order and remand for further proceedings consistent with this opinion.