The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

**Roger Allen CULLEN,**
Defendant-Appellant.

No. 82CA0937.

Colorado Court of Appeals,
Div. III.

July 26, 1984.

Rehearing Denied Aug. 23, 1984.

Certiorari Denied Feb. 11, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Barbara S. Blackman, Deputy State Public Defender, Denver, for defendant-appellant.

TURSI, Judge.

Defendant, Roger Allen Cullen, appeals his convictions by jury of two counts of first degree murder, two counts of second degree kidnapping, and conspiracy. The trial court sentenced defendant to two consecutive life terms for the murder convictions, two concurrent four year terms for the kidnapping convictions, and a concurrent term of twelve years for conspiracy. We affirm.

I

■ Defendant contends that the trial court erred in failing, *sua sponte*, to instruct the jury on the issue of the state's sovereign jurisdiction over the murder offenses. We disagree. The uncontroverted evidence overwhelmingly establishes that defendant abducted the victims in Colorado for the purpose of killing them in an isolated portion of New Mexico.

The pertinent provisions of the sovereign jurisdiction statute, § 18–1–201, C.R.S. (1978 Repl.Vol. 8), provide:

"(1) A person is subject to prosecution in this state for an offense which he commits, by his own conduct or that of another for which he is legally accountable, if:

(a) The conduct constitutes an offense and is committed wholly or partly within the state . . . .

(2) An offense is committed partly within this state if conduct occurs in this state which is an element of an offense or if the result of conduct in this state is such an element."

This statute modifies common law territorial jurisdiction by expanding the scope of state sovereign jurisdiction. *People v. Martinez*, 37 Colo.App. 71, 543 P.2d 1290 (1975).

■ The issue of sovereign jurisdiction is normally a legal question for the trial court. Where determination of jurisdiction depends upon a resolution of disputed facts, the issue must be submitted to the jury with an appropriate instruction, regardless of whether it was raised by the defendant. However, no plain error results from a failure to submit the issue to the jury if the uncontested facts overwhelmingly support jurisdiction. *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973). *See also Lane v. State*, 388 So.2d 1022 (Fla.1980); *Conrad v. State*, 262 Ind. 446, 317 N.E.2d 789 (1974); *but see People v. Holt*, 91 Ill.2d 480, 64 Ill.Dec. 550, 440 N.E.2d 102 (1982). Here, deliberation, an essential element of the crime of

first degree murder, occurred within Colorado. Thus, the trial court did not err in failing, *sua sponte*, to refer the question of sovereign jurisdiction to the jury.

## II

Defendant contends that the trial court erred in denying his motion to suppress evidence obtained pursuant to search warrants as the affidavit in support of the warrants is based on stale evidence. We disagree.

 The affidavit in support of the search warrants establishes that although the victims were reported missing on September 21, 1980, specific information as to the kidnappings and murders was not developed until the identification of the two corpses in Colfax County, New Mexico on April 6–8, 1981. Thus, we agree that after discovery of the information upon which to base a request for a search warrant, the officers proceeded with all due diligence.

The affidavit did not list items which are either consumable or readily disposable, such as narcotics or stolen property. Rather, the affidavit listed items utilized in perpetrating the kidnappings and murders; items identifying, or identified with, the victims; and scientific evidence such as hair, fibers, blood, and fingerprints. Thus, although the crimes were perpetrated eight months before the search warrants were applied for, the affidavit was sufficient to establish probable cause to believe the items were located at the sites of the searches. *See* § 16–3–303(1)(d), C.R.S. (1978 Repl.Vol. 8); Crim.P. 41(c); *People v. Ball*, 639 P.2d 1078 (Colo.1982).

## III

Defendant next contends that the trial court abused its discretion in sentencing him to two consecutive life terms. Again we disagree.

The determination of the length of a sentence is within the discretion of the trial court. *People v. Horne*, 657 P.2d 946 (Colo.1983). The trial court also is vested with discretion in determining whether to impose sentences concurrently or consecutively. *People v. Montgomery*, 669 P.2d 1387 (Colo.1983). We perceive no abuse of discretion here.

We recognize that the trial court's discretion regarding whether sentences will run concurrently or consecutively is tempered by § 18–1–408(3), C.R.S. (1978 Repl.Vol. 8), which requires concurrent sentences for a defendant convicted of multiple crimes based upon identical evidence. However, where, as here, the multiple convictions arise from crimes committed upon multiple victims, the evidence is not identical and therefore that statute is inapplicable. *People v. Anderson*, 187 Colo. 171, 529 P.2d 310 (1974); *see also People v. Montgomery, supra.*

Defendant's remaining claim of error is without merit.

Judgment affirmed.

KELLY and METZGER, JJ., concur.