**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Andrew TALLEY, Defendant–Appellant.**

**No. 89CA0694.**

Colorado Court of Appeals, Div. II.

Aug. 15, 1991.

Rehearing Denied Sept. 26, 1991.

Certiorari Denied Feb. 3, 1992.

Gale Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., A. William Bonner, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Susan Baker and Lisa Hamilton–Fieldman, Deputy State Public Defenders, Denver, for defendant-appellant.

Opinion by Judge RULAND.

Defendant, Andrew Talley, appeals from the judgment of conviction entered upon a jury verdict finding him guilty of sexual assault on a ten-year-old child. We reverse and remand for a new trial.

Defendant was charged with two counts of sexual assault on a child under the age of fifteen. These charges arose out of two separate incidents; one of which took place at the house of the child's grandmother and the other in an alley near the grandmother's house. After trial to a jury, defendant was acquitted of the earlier incident.

## I

Defendant first contends that the trial court erred in overruling his objection to permitting the jury unrestricted and unsupervised access, during its deliberations, to the audiotape of a pretrial interview with the child. We agree.

Following the trial of this case, *People v. Montoya*, 773 P.2d 623 (Colo.App.1989), was announced in which it was held to be prejudicial error for the trial court to allow the jury, during deliberations, "to engage in the unsupervised, and perhaps repetitive, viewing" of a videotape that had been introduced into evidence as an exhibit.

There, the videotape depicted a witness positively identifying the defendant as the robber of a tavern, in contrast to his trial testimony when he was unable to make an identification. The *Montoya* court further held that the trial court should allow the jury to review the tape only under circumstances that would assure that it would not be given undue weight or emphasis.

The prosecution urges us, on various grounds, to conclude that *Montoya* is not controlling here. It first seeks to distinguish an audiotape from a videotape on the basis that the demeanor of a witness does not appear on the former. Next, it is asserted that the child's testimony at trial was consistent, for the most part, both with her statements in the audiotape as

well as the testimony of the other witnesses. As such, the prosecution argues that the audiotape did not constitute the primary or sole evidence of defendant's guilt.

Finally, the prosecution notes that the jury acquitted defendant of one of the offenses described in the audiotape, thus suggesting that the audiotape was not given undue emphasis. However, we are not persuaded by the prosecution's argument.

First, the *Montoya* court was not solely concerned with the visual and the testimonial character of a videotape. The court compared a videotape with depositional evidence and noted that under the Colorado Rules of Civil Procedure, depositional evidence could not be taken into the jury room. *See* C.R.C.P. 47(m). It concluded that the effect of statements of a witness made in a videotape is virtually indistinguishable from deposition testimony. Similar concerns arise with witness statements that are recorded on an audiotape since those statements are also "testimonial in character."

Next, the record reflects a number of pretrial inconsistencies in the child's testimony which were brought out at trial and which contradict both the audiotape and the child's trial testimony. Specifically, the information alleged two separate assaults occurring approximately 11 months apart. There were no eye or ear witnesses to either alleged assault.

The child's trial testimony and the audiotape differed from other pretrial statements as to which assault occurred first. The child's testimony and the audiotape were also inconsistent with pretrial statements to others both as to what occurred during each incident and the dates of the incidents. These inconsistencies included such items as whether a sexual assault had occurred and the source of any penetration. The jury apparently had concerns about the child's testimony because, unaware that the audiotape was included with the other exhibits, the jurors requested an opportunity to review the tape.

Under these circumstances, we are unable to conclude that the unsupervised use of the tape did not unduly emphasize one version of the child's testimony so as to resolve the inconsistencies in the prosecution's favor. This is especially so because, near the end of the taped interview, the investigating officer affirmed that he believed the victim's statements. *See People v. Fasy*, 813 P.2d 797 (Colo.App.1991).

Hence, consistent with the rule in *Montoya*, and other jurisdictions as well, we conclude that unsupervised use of the tape mandates reversal. *See Chambers v. State*, 726 P.2d 1269 (Wyo.1986) (testimonial videotape may never go to the jury for unsupervised viewing during deliberations); *State v. Ross*, 42 Wash.App. 806, 714 P.2d 703 (1986) (the jury should not be allowed unsupervised access to audiotape of a telephone call to police regarding the identity of perpetrator of assault); *State v. Gulledge*, 277 S.C. 368, 287 S.E.2d 488 (1982) (trial court abused its discretion in allowing jury to take transcript of an audiotape into the jury room since it unduly emphasized that evidence).

## II

Defendant next contends that comments made by the trial court while giving a cautionary instruction required in connection with the admission of child hearsay statements constituted reversible error. Since this issue may arise again on retrial, we address it here.

Under § 13–25–129(2), C.R.S. (1987 Repl.Vol. 6A), a trial court is required to give a cautionary instruction contemporaneously with the admission of child hearsay evidence as well as in the court's general charge to the jury at the conclusion of the trial. Failure to do so may constitute reversible error. *See People v. McClure*, 779 P.2d 864 (Colo.1989); *People v. Wilson*, 821 P.2d 824 (Colo.App.1991).

Here, the trial court first gave the instruction prior to the opening statements of counsel. The prosecution then requested that the trial court give the instruction prior to certain testimony of a witness. The trial court initially refused on the basis that the jury had already been so instructed. However, during that witness' testimo-

ny, defense counsel also requested that the trial court give the instruction.

Following a bench conference, the court concluded to repeat the instruction. However, the court prefaced giving the instruction with remarks clearly indicating its antipathy to the requirement that the instruction be repeated for each witness.

Defendant argues that the salutary purpose of protecting his right to due process and his right to confrontation, which is incorporated in the statute, is defeated by the court's comments. We agree with defendant that comments of this nature may distract the jurors and we conclude that no indication should be given by the trial court that the instruction is not to be taken seriously.

The judgment is reversed and the cause is remanded for a new trial.

SMITH and JONES, JJ., concur.