**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Jimmy F. LAFFERTY a/k/a Lafferty,**
**Jimmy Ford, Defendant–**
**Appellant.**

**No. 98CA0915.**

Colorado Court of Appeals,
Div. V.

Aug. 5, 1999.

Rehearing Denied Oct. 28, 1999.

Certiorari Denied Oct. 10, 2000.

---

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, John Daniel Dailey, Assistant Solicitor General, John J. Krause, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Law Office of Wesley A. Miller, Wesley A. Miller, Vigil Law Offices, P.C., Frank G. Vigil, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Jimmy Lafferty, appeals the judgment of conviction entered on a jury verdict finding him guilty of second degree assault. We affirm.

Defendant was charged after a neighbor called 911 upon hearing an argument between defendant and the victim, his girlfriend. When the neighbor heard the victim calling for help, he went out to the hallway, found her on the floor, and noticed a "massive bruise on her face."

After the neighbor brought the victim into his apartment, she told the 911 dispatcher that she had been beaten by defendant and that she was going to press charges. Later, the victim told an officer and a paramedic on the scene that defendant had punched her several times in the face.

At trial, the victim recanted, testifying that her injuries were the result of a fall she had suffered earlier that evening.

The jury also heard the testimony of an expert qualified to testify in the area of domestic violence. The expert specifically testified concerning patterns of behavior associated with domestic violence, including the "cycle of violence." The expert described the cycle of violence as consisting of three phases: tension-building, acute battering, and loving contrition. The expert explained why a victim may remain in a violent relationship or recant accusations of abuse.

I. Admissibility of Expert Testimony

First, defendant contends the trial court erred in allowing the expert to testify. More specifically, he contends that the trial court improperly allowed the expert to testify regarding the "cycle of violence" associated with domestic violence, and its relation to recantations by victims of domestic violence. We perceive no error.

Here, upon completing voir dire of the expert, defense counsel stated that he had no objection to the expert's qualifications in the field of domestic violence.

Later, after the court had accepted the expert in the field of domestic violence, and after he had begun testifying, the court clarified the scope of the expert's testimony outside the presence of the jury. The court indicated that the expert's testimony would be useful to the jury in explaining "why [a recantation by the victim] would be occurring." The trial court gave defendant an opportunity to make a further record on the issue, but defense counsel declined the opportunity.

The expert later testified that he had not met the victim, and further stated that he had not formed an opinion about the credibility of any of the witnesses in the case. However, when the prosecutor asked: "Now, Doctor, how does time weigh into a victim's level of cooperation without discussing her credibility at all," the expert responded that, over time, a victim may recant. Defense counsel objected, contending that recantation implies untruthfulness.

The trial court overruled the objection and instructed the jury that the expert's testimony concerned not whether there was an untruthful statement by any witness in the case, but rather why the victim's version of the incident had changed over time.

A.

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." CRE 702.

CRE 702 calls for a two-tiered analysis. A court must first consider whether the substance of the proffered testimony will be

helpful to the fact finder. The court must then decide whether the witness providing such information is competent to render an expert opinion on the subject in question. *See Brooks v. People,* 975 P.2d 1105 (Colo. 1999).

■ In cases involving domestic violence, expert testimony concerning the reasons for victims' recantations is admissible. *See Arcoren v. United States,* 929 F.2d 1235 (8th Cir.1991); *State v. Borrelli,* 227 Conn. 153, 629 A.2d 1105 (1993); *State v. Cababag,* 9 Haw.App. 496, 850 P.2d 716 (1993). *See also People v. Yaklich,* 833 P.2d 758 (Colo.App. 1991) (evidence concerning battered woman's syndrome is admissible in certain circumstance to establish a defense of self-defense).

■ The decision to admit expert testimony lies within the discretion of the trial court and will not be overturned absent an abuse of discretion. *See People v. Fasy,* 829 P.2d 1314 (Colo.1992).

■ The issue here is distinguishable from the issue presented in *People v. Yaklich, supra,* i.e., that evidence concerning battered woman's syndrome is admissible in certain circumstances to establish a defense of self-defense. However, we agree with other courts that the admissibility of such evidence should not be limited to establishing self-defense. *See Arcoren v. United States, supra* (it would be anomalous to allow a battered woman who is a criminal defendant to offer expert testimony on battered woman's syndrome to explain her actions, yet deny that same opportunity to a battered woman who is the complaining witness).

Accordingly, we conclude that the trial court did not abuse its discretion in admitting the expert's testimony concerning the cycle of violence and how it relates to recantation. *See People v. Fasy, supra.*

Our conclusion is consistent with other decisions of the supreme court that have afforded trial courts broad discretion in admitting expert testimony. *See People v. Fasy, supra* (expert testimony admissible under CRE 702 for purpose of assisting jury in understanding child sexual assault victim's post-assault behavior); *People v. Hampton,* 746 P.2d 947 (Colo.1987) (expert testimony concerning rape trauma syndrome admissible under CRE 702 to corroborate victim's testimony and explain her delay in reporting).

To the extent defendant contends the expert improperly implied that the victim and defendant were in a battering relationship, we also disagree.

■ The expert testified that recantations and inconsistencies in victims' statements are common and consistent with victims' conduct in battering relationships. However, the expert stated that he had not met the victim. He further testified that the cycle of violence can be manifested in the space of one incident. Therefore, we conclude that the expert did not incorrectly imply that the victim and defendant were in a battering relationship.

### B.

Defendant also asserts that the trial court erred in allowing the expert to testify concerning the victim's credibility by suggesting that, as a victim of domestic violence, the victim was lying when she recanted. We disagree with defendant, and conclude that the expert did not vouch for the victim's credibility.

■ Neither a lay witness nor an expert witness may give opinion testimony with respect to whether a witness is telling the truth on a specific occasion. Expert testimony is to be excluded on the issue of whether a witness is fabricating the particular facts at issue. *People v. Koon,* 713 P.2d 410 (Colo. App.1985).

■ As noted, the trial court gave the jurors a limiting instruction indicating that the expert's testimony concerned, not credibility, but rather, why the victim's version of the event had changed over time.

Accordingly, we conclude that the expert did not vouch for the credibility of any of the witnesses in the case, and that the trial court did not err in admitting the testimony.

### II. Motion for Mistrial re Statement of Victim

Next, defendant asserts that the trial court erred in denying his motion for a mistrial

when the prosecution failed to disclose a statement of the victim found in an investigator's report. Again, we are not persuaded.

Crim. P. 16(I)(a)(1)(I) provides that the prosecutor shall provide the defendant with police, arrest, and crime reports, including statements of all witnesses.

■ Such disclosures are automatically required and need not be requested by defense counsel. *People v. District Court*, 790 P.2d 332 (Colo.1990).

■ Sanctions imposed for discovery violations rest within the broad discretion of the trial court. Such sanctions should be no more restrictive than necessary to protect the defendant's right to due process. *People ex rel. Gallagher v. District Court*, 656 P.2d 1287 (Colo.1983).

■ A mistrial is a drastic remedy and is warranted only if the prejudice to the defendant cannot be remedied by other means. *People v. Abbott*, 690 P.2d 1263 (Colo.1984).

Here, it is undisputed that the prosecution's failure to disclose the victim's statement, "Jimmy didn't hit me that hard," was inadvertent.

The statement was written by an investigator in a report which had been disclosed to defendant prior to trial. However, the page on which the statement appeared was not included in the report provided to the defense.

■ Defense counsel noticed that the page was missing when the investigator testified concerning the contents of the report. After considering defendant's motion for mistrial, the trial court denied the motion, but gave defendant the opportunity to recall any of the prosecution witnesses and call any witnesses who had not been endorsed. The trial court found that the prejudice to the defendant was not so great as to warrant a mistrial.

We agree with the trial court and conclude that allowing defendant to recall the investigator or any witnesses who had not previously been endorsed was sufficient to remedy the prejudice. *See People ex rel. Gallagher v. District Court, supra.*

Furthermore, while the report itself does not appear in the record, our review of the record indicates that the pages of the report were numbered "1 of 5" and so on. Thus, the fact that page "4 of 5" was missing was readily ascertainable, and the failure to disclose the statement could have easily been remedied before trial with a request to the prosecution to provide it.

### III. Motion for Mistrial re Conduct of Defendant

Defendant contends the trial court erred in not granting a mistrial *sua sponte* after the prosecution violated the court's pretrial order excluding testimony concerning a charge against defendant for false reporting. Again, we disagree.

Here, the trial court ordered the prosecution to refrain from exploring any of the defendant's statements or acts concerning any conviction or charge against defendant for an unrelated incident involving false reporting. Defendant contends that the prosecution violated the order by eliciting testimony from the victim that defendant had traded places with her during a traffic stop to avoid a citation.

■■ Because defendant did not object to the testimony at trial, we review the trial court's not granting a mistrial *sua sponte* under a plain error standard. *See Wilson v. People*, 743 P.2d 415 (Colo.1987). We conclude that, even if the prosecution violated the trial court's pretrial order, there was no error, much less plain error, in not granting a mistrial.

Here, the prosecution did not focus on any acts or statements of the defendant, but rather established that the victim had lied to protect the defendant. Thus, the emphasis was not on defendant, but on the victim. Further, there was not any testimony about any charges having been filed against defendant in connection with this incident. Accordingly, the fundamental fairness of the trial was not threatened.

Thus, we perceive no error in the trial court's failure to grant a mistrial where none was requested by defendant. *See People v. Abbott, supra.*

## IV.   Sufficiency of Evidence

Finally, defendant contends that the evidence was insufficient to sustain his conviction for second degree assault.   Again, we disagree.

When reviewing the sufficiency of the evidence, the court must view the evidence in the light most favorable to the People to determine whether the conviction was supported beyond a reasonable doubt. *People v. Gonzales,* 666 P.2d 123 (Colo.1983).

Where reasonable minds could differ, the evidence is sufficient to sustain a conviction.   *See People v. Fuller,* 791 P.2d 702 (Colo.1990).

Here, the People presented evidence that the victim had told various individuals that defendant had beaten her.   Further, testimony of the medical personnel who treated the victim, plus the testimony of the neighbor, established that she had suffered serious bodily injury.   Thus, we conclude that the evidence was sufficient to sustain the conviction.

The judgment of conviction is affirmed.

Judge ROTHENBERG and Judge ROY concur.