**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellant,**

v.

**Borlande ROBERTSON,**
**Defendant–Appellee.**

**No. 01CA0949.**

Colorado Court of Appeals,
Div. V.

Aug. 15, 2002.

James J. Peters, Arapahoe County District Attorney, John Topolnicki, Deputy District Attorney, William W. Hood, III, Deputy District Attorney, Englewood, Colorado, for Plaintiff–Appellant.

Decker & DeChar, LLC, Christopher R. Decker, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge DAVIDSON.

The People appeal from the judgment of the trial court dismissing with prejudice charges against defendant, Borlande Robertson. We affirm.

The facts in this case are mostly undisputed. In April 1998, a felony complaint and information was issued charging defendant with aggravated robbery, conspiracy to commit aggravated robbery, and a crime of violence charge based on the use of a deadly weapon. In June 1998, defendant committed a crime in Oregon, for which he was convicted and sentenced to forty months in the Oregon Department of Corrections.

While defendant was incarcerated in Oregon, the 18th Judicial District Attorney lodged a detainer against him based on the April 1998 charges. Several months later, defendant filed a request for speedy disposition of the charges pursuant to the Interstate Agreement on Detainers (IAD), § 24–60–501, et seq., C.R.S.2001.

Approximately one month after defendant's request, the prosecution began extradition proceedings. Seventy-nine days after defendant's request, the prosecution withdrew the detainer because essential witnesses were not available at that time. The underlying April 1998 charges were not dismissed.

Approximately seventeen months later and one day before defendant's release from the Oregon Department of Corrections, the prosecution lodged a second detainer against defendant based on the same underlying charges. Defendant then was extradited to Colorado.

Defendant filed a motion to dismiss the charges based on the prosecution's failure, under the IAD, to bring him to trial within 180 days of his request for speedy disposition. The trial court granted the motion and dismissed the charges against defendant with prejudice.

On appeal, the People contend that the trial court erred in dismissing the charges. Specifically, they argue that, because the detainer lodged against defendant was withdrawn before the 180 day period expired, defendant was no longer entitled to assert his speedy disposition rights under the IAD. We conclude that the charges were properly dismissed.

The IAD provides in part:

[W]henever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction ... his request for a final disposition to be made of the indictment, information or complaint....

Section 24–60–501, art. III(a), C.R.S.2001. When trial is not commenced within the 180 day period, the court "shall enter an order dismissing the [indictment, information, or complaint] with prejudice." Section 24–60–501, arts. III(d), V(c), C.R.S.2001.

Once a defendant has properly invoked his or her right to speedy disposition, the burden shifts to the prosecution and the court in the jurisdiction from which the detainer issued. *People v. Sevigny,* 679 P.2d 1070 (Colo.1984).

Here, the parties do not dispute that defendant's request for speedy disposition of the charges was in full compliance with the

requirements of article III. However, the People argue that the withdrawal of the detainer operated to divest defendant's rights because a detainer was no longer "lodged" after it was withdrawn.

The People's argument is straightforward: According to the plain language of article (III)(a), the IAD applies only to charges "on the basis of which a detainer has been lodged against the prisoner." Thus, the argument proceeds, if a detainer is no longer lodged, the speedy trial provisions of the IAD pertaining to these charges no longer apply. On the other hand, defendant asserts the withdrawal of the detainer lodged against him without disposition of the underlying criminal charges did not cancel his previously invoked speedy trial rights as to these charges. We agree with defendant.

■■■■ Interpretation of statutes is a question of law, which we review de novo. In construing statutes, a court's primary task is to ascertain and give effect to the intent of the legislature. To do so, the court must look first to the statutory language. When that language is clear and unambiguous, there is no need to resort to interpretative rules of statutory construction, and the court must apply the words according to their commonly accepted and understood meaning. *Moody v. Corsentino*, 843 P.2d 1355 (Colo. 1993).

Section 24–60–501, art. III(a) provides that once a detainer "has been lodged" and the underlying complaint remains "pending," defendant has a right to demand disposition within 180 days. The present perfect tense, "has been lodged" indicates that an event occurred in the past prior to other events and implies that once the event has occurred—here the lodging of the detainer—certain consequences result. In this case, defendant obtained the right to demand disposition of the charges. The statute does not require that the detainer remain pending, or that it continue to be lodged, only that it "has been lodged." We conclude that the withdrawal of the detainer does not change the fact that a detainer "has been lodged."

Similarly, under § 24–60–501, art. III(d), "[a]ny request for final disposition made by a prisoner pursuant to paragraph (a) hereof shall operate as a request for final disposition of all untried indictments, informations, or complaints on the basis of which detainers have been lodged against the prisoner." Again, the IAD refers to detainers that "have been lodged," indicating that a defendant's request is not contingent on the detainer being currently in place. Moreover, under this section, a defendant's request for disposition is directed to the "untried indictments, informations, or complaints" and not the detainer. Hence, the prosecution's withdrawal of the detainer by itself is not responsive to the request.

Contrary to the People's contention, *United States v. Donaldson*, 978 F.2d 381 (7th Cir.1992), does not hold otherwise. In *Donaldson*, the government filed a detainer against the defendant, who was incarcerated for parole violations in another jurisdiction. The defendant filed a request for a speedy disposition under the IAD. The government then dismissed the underlying charges and withdrew the detainer. The charges were refiled later.

The *Donaldson* court determined that the withdrawal of the detainer removed the defendant from the purview of the IAD, reasoning: "The [IAD] prevents detainers from remaining lodged with no action being taken on them for long periods. Here, the charges were resolved by dismissal of the complaint within 180 days of [defendant's] speedy trial motion." *United States v. Donaldson, supra*, 978 F.2d at 390 (citation omitted).

Contrary to the People's contention, the court's conclusion in *Donaldson* did not rest only on the withdrawal of the detainer itself, but also on the dismissal of the underlying charges, which removed the basis for the defendant's speedy trial request. Regardless of the withdrawal of the detainer, defendant's speedy trial request was resolved because action had been taken on the underlying charges.

Here, had the prosecution acted on the charges and the detainer, as in *Donaldson*, the charges no longer would have been pending, and defendant's right to require speedy disposition would have ceased. *Cf. United States v. Cephas*, 937 F.2d 816 (2d Cir.

1991)(180–day provision not tolled when charges dismissed, but detainer remained lodged, because government did not inform defendant of dismissal of charges).

The People argue that, nevertheless, dismissing and then refiling charges is not substantively different, for purposes of the IAD, from withdrawing a detainer and leaving pending charges in place. We do not agree.

Because no action of any kind was taken on the charges here, we need not decide whether dismissing charges without prejudice constitutes "final disposition" under the IAD, as *Donaldson* implies. In any event, whenever charges are dismissed, even though they may eventually be refiled, the threat of a future sentence is necessarily reduced. *See United States v. Mauro*, 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978)(detrimental effects of pending detainers include serving sentence without knowing what additional sentences lie before the inmate).

As defendant points out, the IAD recognizes the detrimental effects of pending charges. *See* § 24–60–501, art. I, C.R.S.2001 (untried charges and detainers "produce uncertainties which obstruct programs of prisoner treatment and rehabilitation"); *People v. Higinbotham*, 712 P.2d 993, 997 (Colo. 1986)(the primary purpose of the IAD is "to provide a mechanism for prisoners to insist upon speedy and final disposition of untried charges that are the subjects of detainers so that prison rehabilitation programs initiated for the prisoners' benefit will not be disrupted or precluded by the existence of these untried charges"); *see also United States v. Kurt*, 945 F.2d 248 (9th Cir.1991)(IAD procedures prevent prosecutorial abuses of the power of detainer that potentially allow a defendant to languish in the separate jurisdiction under the constant, but uncertain threat of further prosecution).

Accordingly, to allow charges to remain pending despite a defendant's request for speedy disposition, as occurred here, contravenes the explicit purpose of the IAD to "encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints." Section 24–60–501, art. I.

 Lastly, we disagree with the People's assertion that the 180–day provision can be tolled here because the detainer was withdrawn in good faith and defendant was not prejudiced thereby. The IAD requires dismissal of the charges without regard to whether defendant has suffered prejudice. *See People v. Sevigny, supra.*

The judgment of dismissal is affirmed.

Judge JONES and Judge KAPELKE concur.